CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DAVID LANCASTER, | ) | CASE NO. 7:15CV00402 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| BETTY AKERS, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

John David Lancaster, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials have refused to provide him with toothpaste for sensitive teeth as recommended by a dentist. After review of the record, the court concludes that defendants' motion to dismiss must be granted.

I.

Lancaster is incarcerated at the New River Valley Regional Jail ("the jail"). He alleges that, as a result of grinding his teeth for more than 20 years, he no longer has enamel on the tips of his teeth. As a result, his teeth are hypersensitive to hot, cold, and sweet substances, and brushing his teeth with regular toothpaste causes unbearable pain. Over-the-counter pain medication that Lancaster is able to purchase at the jail does not fully relieve his pain. A dentist has recommended Sensadyne toothpaste or a similar product designed to reduce tooth sensitivity. Lancaster filed requests for the jail medical staff to make such a toothpaste available to him and promised to reimburse them for the cost. Nurse Betty Akers refused, stating that the dentist only recommended Sensadyne, but did not prescribe or order it. Akers also informed Lancaster that Gerald A. McPeak, the jail's superintendent, had decided against making this product available.

Lancaster seeks injunctive relief to obtain access to a product to relieve his tooth sensitivity or to be transferred to a Virginia Department of Corrections ("VDOC") prison facility.

In a second claim, Lancaster asserts that on May 31, 2015, a nurse failed to take his vital signs during a medical appointment, although he is taking prescription medication for high blood pressure. Lancaster asserts that he was wrongfully charged a $10.00 copayment for this appointment. Defendants have filed a motion to dismiss, and Lancaster has responded, making this matter ripe for consideration.

II.

A motion to dismiss tests the legal sufficiency of a complaint. See, e.g., Bell Atl. Corp. v. Twombly, 553 U.S. 544, 553-63 (2007). "[T]he complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted). In conducting its review, a court must view the facts in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (internal quotations omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishments" on prisoners, including the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). To succeed on any Eighth Amendment claim, a prisoner must show that "the prison official acted with a sufficiently culpable state of mind (subjective

component) and . . . [the] injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

To proceed with a claim of inadequate medical care, plaintiff must state facts showing that he has a serious medical need to which the defendant prison officials were deliberately indifferent. Estelle v. Gamble, 429 U.S. 97 (1976). The right to medical care is limited to treatment that is medically necessary and not that "which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). To act with deliberate indifference, an official must have been personally aware of facts indicating a substantial risk of serious harm, and also must have actually recognized the existence of such risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). Prison personnel are entitled to rely on the medical judgment of an inmate's treating physician to determine what treatment is medically required. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir.1995) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)).

Even taking Lancaster's allegations in the complaint in the light most favorable to him, he has not stated facts supporting the elements of an Eighth Amendment claim here. By his own admission, the jail's dentist did not find it to be a medical necessity for Lancaster to be prescribed special toothpaste to treat his tooth sensitivity. Lancaster's own desire to treat his condition with the recommended toothpaste instead of pain medication is insufficient to prove that he has a serious medical need for the desired product.

Moreover, Lancaster has not stated facts showing that the defendant superintendant and nurse acted with deliberate indifference when they denied him access to Sensadyne. They both could lawfully rely on the dentist's professional treatment decision not to prescribe this product as an implicit determination that it was not medically necessary for Lancaster's condition. Moreover, Lancaster admits that he has received medical care at the jail, including the

appointment with the dentist and access to medication that reduces his tooth pain. Therefore, Lancaster's allegations do not show that the defendants ignored his needs or knew that he faced a substantial risk of harm without the requested toothpaste. As he fails to show either a serious medical need or deliberate indifference, the court will grant defendants' motion to dismiss as to Lancaster's claim about his past dental care.

The court will also grant the motion to dismiss as to Lancaster's § 1983 claim that he was wrongfully charged for his May 31 medical visit. He does not allege any harm he suffered because the nurse did not take his vital signs, and as such, he states no Eighth Amendment claim here. Id. Moreover, he does not identify any other constitutional right implicated by this incident or by the copayment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (holding § 1983 is intended to protect only federal rights guaranteed by federal law or the Constitution).

III.

Lancaster recently filed a "Request for Action to be Taken" (ECF No. 29), raising supplemental allegations about his dental care while in the custody of defendants. Specifically, he alleges that on November 30, 2015, he notified the medical staff that he had broken a tooth and asked to be placed on the list to see the dentist. An official responded that he had been placed on that list. On January 9, 2016, Lancaster filed the instant motion, alleging that he is in constant, intense pain from the broken tooth, pain that often brings him to tears. He asks the court to order defendants to transfer him immediately to a VDOC prison facility, so he can receive "unbiased health care." (ECF No. 29, at 2.) In the alternative, he asks the court to order defendants to arrange for him to see his family dentist in Dublin, Virginia, or any other outside dentist for treatment of the broken tooth.

4

The court liberally construes Lancaster's motion as seeking to amend his complaint to raise a new claim that defendants have delayed his access to a dentist for treatment of his broken tooth. Lancaster does not allege, however, that defendants have any personal knowledge of Lancaster's new dental problem or the severity of his pain, or that they have been personally involved in delaying his access to the jail dentist. Therefore, the amendment fails to state any actionable § 1983 claim against them for deliberate indifference to any serious medical need. Farmer, 511 U.S. at 838. Moreover, Lancaster does not state facts indicating that he has exhausted available administrative remedies concerning his complaint that his dental care for the broken tooth has been delayed for over two months. Absent such exhaustion, he cannot bring a claim in this court concerning this dental issue. See 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust available administrative remedies before bringing court action). For these reasons, the court will deny Lancaster's motion to amend as futile.

IV.

For the reasons stated, the court concludes that defendants' motion to dismiss must be granted as to all claims in the original complaint; Lancaster's motion to amend must be denied as futile; and his other pending motions, seeking to strike the meritorious motion to dismiss and seeking discovery of his own medical records, will be denied as moot. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 11th day of February, 2016.

_____
Chief United States District Judge

5

Case 7:15-cv-00402-GEC-RSB   Document 32   Filed 02/11/16   Page 5 of 5   Pageid#: 93